UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:07-cr-60032-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCEL TOMLIN,

    Defendant.
                               /

**ORDER GRANTING IN PART AND DENYING IN PART MOTION
FOR RELIEF PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**

This cause comes before the Court on Defendant Marcel Tomlin's Motion for Relief Pursuant to Section 404 of the First Step Act [DE 53]. The Court has considered Defendant's Motion, the Government's Response [DE 98], and the record, and is otherwise fully advised in the premises.

Defendant pled guilty in May 2007 to possession with the intent to distribute five grams or more of a substance containing cocaine base in exchange for the dismissal of three additional drug charges. DE 1, 18. He admitted during his change of plea hearing that the drug sale for which he was pleading guilty involved 38.9 grams of cocaine base. DE 53 at 13, 15. According to the PSI, the drug sale for which he pled guilty involved 38.9 grams of cocaine base, and he was accountable for a total of 87.3 grams of cocaine base. PSI ¶¶ 10, 16.

Defendant was sentenced in July 2007. DE 19. Under the law in effect at that time, Defendant was subject to a statutory term of imprisonment of between 5 and 40 years based on a drug quantity of at least 5 grams. *See* 21 U.S.C. § 841(b)(1)(B) (2009); PSI ¶ 117. He also was subject to a term of supervised release of at least four years. *See* 21 U.S.C. § 841(b)(1)(B) (2009); PSI ¶ 119. The Court determined that Defendant was a career offender. DE 50 at 19. Based on his career-offender status and the statutory maximum of 40 years, his offense level was 34, his total offense level with a

3-level adjustment for acceptance of responsibility was 31, and his criminal history category was VI. PSI ¶¶ 24-27, 71. This resulted in a guideline range of 188 to 235 months. *Id.* ¶ 118.

The Court granted a variance and imposed a term of imprisonment of 170 months. DE 20; DE 50 at 21-22. The Court also imposed a five-year term of supervised release. DE 20; DE 50 at 20, 22.

Congress subsequently passed the Fair Sentencing Act of 2010 to reduce the disparity in the treatment of cocaine base and powder cocaine offenses. *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013); *see* Pub. L. No. 111-220, 124 Stat. 2372 (increasing the quantities of cocaine base that are required to be sentenced under 21 U.S.C. § 841(b)(1)(A) and (B)). The Fair Sentencing Act, however, did not apply retroactively until Congress passed the First Step Act of 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* A court is not required to reduce a sentence under § 404. *Id.* Moreover, a sentence may not be reduced if the sentence was previously imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant made a previous motion for a sentence reduction under § 404 of the First Step Act that was denied on the merits. *Id.*

Relevant to this case, the Fair Sentencing Act increased the drug quantity needed to be sentenced under 21 U.S.C. § 841(b)(1)(B) from 5 grams of a substance containing cocaine base to 28 grams of a substance containing cocaine base. *See* Pub. L. No. 111-220, 124 Stat. 2372. A defendant being sentenced for a lesser drug quantity is subject to a term of imprisonment of not more than 20 years and a term of supervised release of at least 3 years. 21 U.S.C. § 841(b)(1)(C).

In addition, a defendant who qualifies as a career offender and has a statutory maximum of 20 years has an offense level of 32. U.S.S.G. § 4B1.1(b)(3). With a three-level adjustment for

acceptance of responsibility, such a defendant has a total offense level of 29, a criminal history category of VI, and a guideline range of 151 to 188 months.

Defendant now moves for a reduced sentence under the First Step Act. DE 96. He states that he is in a half-way house program that will end on July 9, 2019, and that he currently is residing in his own home with electronic monitoring due to his successful participation in the program. He seeks an early termination of the half-way house program to enable him to begin serving his term of supervised release immediately. He also seeks a reduction of his term of supervised release to three years.

The Government argues that Defendant is not eligible for a sentence reduction because the PSI stated, and Defendant himself admitted, that he was accountable for more than 28 grams of cocaine base. DE 98. However, Defendant pled guilty to possession with the intent to distribute five grams or more of a substance containing cocaine base. It is undisputed that the Fair Sentencing Act modified the sentence for his crime if conviction. Defendant is eligible for a sentence reduction under the plain language of the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194.

The Government asks the Court to decline to reduce Defendant's sentence, arguing that a reduction would result in a windfall when Defendant could have been charged with a greater drug quantity and would create a disparity between this Defendant and similarly-situated defendants who, after the passage of the Fair Sentencing Act, were charged with greater drug quantities. The Court refuses to speculate as to the charges that may have been brought against this Defendant and to which he may have pled guilty, had the law in effect today been the law at the time that he was charged.

The Court declines to reduce Defendant's term of imprisonment. Defendant received an 18-month variance from the applicable guideline range when he was sentenced. His 170-month sentence falls well below the 20-year statutory cap after the Fair Sentencing Act, and falls within the 151 to 188-month guideline range. In addition, Defendant has been released from prison to a half-way

house program, and his time in that program will expire soon. The Court views the half-way house program as an important step to Defendant's reentry into society after his lengthy prison sentence.

Defendant is, however, granted a reduction of his term of supervised release. At sentencing, the law required a term of supervised release of at least four years, and the Court imposed a five-year term. The sentencing Court determined that a term of supervised release greater than the statutory minimum was appropriate and reasonable, and this Court agrees. This conclusion is bolstered by a review of Defendant's significant criminal history, which includes both violent and drug offenses, and by the fact that he committed the instant offense less than two years after being released from custody on other criminal convictions. The Court determines that a four-year term of supervised release is appropriate and reasonable and grants a reduction accordingly.

It is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Relief Pursuant to Section 404 of the First Step Act [DE 53] is **GRANTED IN PART AND DENIED IN PART**. Defendant's request for a reduction of his term of imprisonment is **DENIED**. Defendant's request for a reduction of his term of supervised release is **GRANTED**. Defendant's term of supervised release is reduced to four years. An Amended Judgment will issue.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 24th day of June, 2019.

*(signature)*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record